**In re UNSOLICITED LETTERS TO FEDERAL JUDGES.**

No. 400MC38.

United States District Court, S.D. Georgia, Savannah Division.

Aug. 7, 2000.

## ORDER

EDENFIELD, District Judge.

The attached letter from "Cornelius Daniels" is representative of what the undersigned frequently receives from prisoners and other pro se parties. In it Daniels seeks the Court's legal assistance in dealing with a prison guard who, he claims, has been interfering with his access-to-court rights. He therefore requests a "written letter" from this Court—evidently so he can tell the guard off.

Daniels also requests that the Court return an "I.D. card" he claims he previously sent to this Court. It is, he represents, *"evidence* in a pending federal action against prison officials." *Id.* (emphasis original). The Court has received no such identity card.

Finally, Daniels notes that the Court previously sent him "forms" (the Clerk has been sending would-be, pro se litigants Complaint forms with instructions for filing a lawsuit), "but since I don't know how to fill them out could you help me fill in these forms sir. I would really appreciate it sir." *Id.*

■ Both Congress and the Courts have drawn the line: "there is no constitutional right to legal representation in a civil case." *Southern Christian Leadership Conference, Louisiana Chapter v. Supreme Court of State of Louisiana,* 61 F.Supp.2d 499, 507 (E.D.La.1999). And, while there exist some statutory rights authorizing judges to appoint lawyers, sometimes at the public's (or the lawyer's) expense,[1] courts simply do not exist to dispense legal advice, lawyers do.

---

1. At most, indigents may exploit *statutory* authority for the appointment of counsel. *See Bass v. Perrin,* 170 F.3d 1312, 1320 (11th Cir.1999) (Denial of inmates' motion for appointment of counsel in 42 U.S.C. § 1983 prison conditions action was not abuse of

■ In other words, "[c]ourts do and should show a lenience to pro se litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action...." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (internal cites omitted); *Lemons v. Lewis*, 969 F.Supp. 657, 659 (D.Kan.1997) (pro se status does not absolve litigant of duty to comply with fundamental procedural rules; nor is it "the court's function to become an advocate for the pro se litigant").

■ Daniels has evidenced enough capability to write a comprehendible letter. He thus demonstrates ample ability to follow the simple directions contained on the Clerk-furnished forms for filing a lawsuit, habeas petition, etc. Daniels *cannot* avoid getting in line and paying filing fees like everyone else merely by writing personal letters directly to federal judges. Judges are authorized to pass on matters *properly* presented to them (i.e., within the context of formally commenced lawsuits and any motions filed within them), not personal letters.

Put another way, if a litigant seeks judicial action of any sort (e.g., relief against prison officials for retaliating against an inmate for filing a civil rights case),[2] it must be contained within a *motion* arising from a properly filed lawsuit. It cannot be requested in a personal *letter* to a judge.

In that this is a Court of record, such letters must be collected in a single file and noted on that file's corresponding docket number. Therefore, all future letters sent to the undersigned (either directly or addressed to the Clerk for forwarding to the undersigned) shall be referred to the Clerk, who shall complete the following processing steps:

(1) attach the original to a copy of this Order and return it to the sender;

(2) file all such returned letters in this (i.e., 400MC38) file, and on each letter write the date on which the letter was returned to the sender;

(3) enter on the docket of this case (i.e., 400MC38) the name, address and date of the return-mailing.

Where such correspondence appears to seek redress of civil claims (e.g., a civil rights claim), or advance a habeas corpus claim, the Clerk also shall furnish the appropriate form(s) to the author. Finally, the Clerk shall purge the hard-copy of any letter or document three years after its entry date.

[Letter Omitted]

discretion, given that the core facts of case were not in dispute, the legal claims were straightforward, and therefore no exceptional circumstances existed which would require appointment of counsel); 28 U.S.C. § 1915(e)(1); Liebman & Hertz, FED. HABEAS CORPUS PRAC. & PROC. § 12.1 *et seq.* (Lexis Law Pub.1998).

Similarly, there is no constitutional right to assistance of counsel in habeas proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further"), though a federal court "may" appoint counsel to represent an indigent petitioner seeking relief under 28 U.S.C. § 2254 and § 2255 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *U.S. v. Gonzalez–Vazquez*, 219 F.3d 37, 42 (1st Cir.2000).

2. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394–95 (6th Cir.1999) (en banc); *Gonzalez v. Monty*, 89 F.Supp.2d 1347, 1355 (S.D.Fla. 2000) (Transfer of inmate in retaliation for inmate's exercise of constitutional rights is cognizable in a § 1983 action for damages).